IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY R. OLSON,

    Plaintiff,                               No. CIV S-06-1126 DFL CMK

    vs.

DARREL LEMOS, et al.,

    Defendants.                   <u>ORDER</u>

_____/

        Ms. Olson, who is proceeding without counsel and in forma pauperis, has filed this civil rights action against defendants. She alleges various federal and civil rights violations stemming from an August 22, 2003 arrest.

        In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a decision, or called into question by a federal court's issuance of a writ of habeas corpus. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

1

1    Plaintiff has not alleged that any pending criminal charges, conviction or sentence
2 stemming from the September 23, 2003 arrest have been dismissed, reversed, expunged,
3 declared invalid or called into question by a federal court's issuance of a writ of habeas corpus.
4    Prior to bringing suit for damages against a public entity, a plaintiff must prove
5 the claim was presented to the appropriate public entity, which must have resolved it.  See Cal.
6 Gov. Code §§ 911.2, 915, 945.4.  A claim must be presented to the appropriate public entity not
7 later than six months after the accrual of the cause of action.  See id. § 911.2.  This serves to give
8 the public entity prompt notice of a claim so that it may investigate the strengths and weaknesses
9 of a the claim while the evidence is still fresh and witnesses are available, affords an opportunity
10 for amicable adjustment, and informs the public entity of potential liability so it can better
11 prepare for the fiscal year.  See Renteria v. Junenile Justice Dep't. of Corrections, 135 Cal. App.
12 4th 903 (Cal. App. 2006).  Because plaintiff's suit is against a public entity and public
13 employees, she must allege that she presented a timely claim to the County of Siskiyou and
14 Siskiyou County's Board of Supervisors acted on that claim.  See See Cal. Gov. Code §§ 945.4,
15 950.2 and 950.6.
16    In her complaint, plaintiff alleges that she "...timely communicated notice of her
17 tort claims to Defendants."  This general allegation does not, however, satisfy the requirements
18 of California's Tort Liability Act.  Plaintiff must allege the date she presented her claims to the
19 appropriate public entity, to what public entity she provided notice of her claims, and whether
20 the public entity acted upon her claims.   Plaintiff's notion of adding the oblique language of
21 "timely communicated notice" is of no assistance to her, and certainly not to the court in the
22 ultimate resolution of her dispute since "timely" is not a subjective standard.
23    Accordingly, the court will order plaintiff to file an amended complaint which
24  addresses the afore mentioned deficiencies.
25    IT IS ORDERED that:
26    1. Plaintiff, Kimberly Olson, shall have fifteen days from the date this order is

filed within which to file an amended complaint alleging that:

   a. Any criminal charges, conviction or sentence stemming from the September 23, 2003 arrest have been dropped or otherwise resolved in her favor and;

   b. She has complied with the aforementioned requirements of California's Governmental Tort Liability Act, by specifically attaching as an Exhibit to the complaint a copy of her claim satisfying the requirements of Gov. Code §910.

  2. If plaintiff fails to do so, the court will dismiss plaintiff's complaint, without prejudice, for failure to state a claim upon which relief may be granted.

  3. The court will again consider defendants' August 9, 2006 motion to dismiss after the filing of any amended complaint or expiration of time to file such.   It will not be necessary to reset or renotice said motion.

DATED:   October 27, 2006.

                    */s/ Craig M. Kellison*
                    **CRAIG M. KELLISON**
                    UNITED STATES MAGISTRATE JUDGE