IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY R. OLSON,

    Plaintiff,                    No. CIV S-06-1126 DFL CMK

    vs.

DARREL LEMOS, et al.,

    Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff, who is proceeding pro se and in forma pauperis, brings this civil rights action alleging various civil rights violations stemming from an September 22, 2003 arrest. By order filed October 30, 2006, the court ordered plaintiff to file an amended complaint which alleged that any criminal charge, conviction or sentence stemming from the September 22, 2003 arrest has been dropped or otherwise resolved in her favor.  For reasons more fully explained below, the court finds that dismissal based on <u>Heck</u> is appropriate.

        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

1

expunged by executive order, declared invalid by a state tribunal authorized to make such a decision, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Here, plaintiff states in her complaint that "prior to, and during the pendency of the criminal action against Plaintiff,..." defendants continued to violate her civil rights. (Am. Compl., at 7:17-22.) However, plaintiff does not allege anywhere in her amended complaint that any pending criminal charges, conviction or sentence stemming from the September 22, 2003 arrest have been dismissed, reversed, expunged, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, despite the court's direct order to do so.

Further, on November 22, 2006, the defendants filed a motion requesting that the court take judicial notice of the fact that Siskiyou County Superior Court records reveal that plaintiff's conviction stemming from the September 2003 incident has not been reversed, dismissed, or otherwise called into question. (Doc. 21; People v. Olson, 2006 Cal. App. Unpub. Lexis 9723.) Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of this fact. A check of the Siskiyou County Superior Court records reveals that plaintiff's conviction stemming from the September 2003 incident is currently on appeal and has not been overturned. See www.siskiyou.courts.ca.gov.

The court finds that plaintiff's amended complaint fails to state a cognizable claim for relief because she cannot establish that any pending criminal charges, conviction or sentence stemming from the September 23, 2003 arrest have been dismissed, reversed, expunged, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus. In light of the court's finding that plaintiff fails to state a cognizable federal civil rights claim, the court will recommend that the district court decline to exercise jurisdiction over plaintiff's state claims. See 28 U.S.C. § 1367(c). Therefore, the court recommends that plaintiff's complaint be dismissed in its entirety.

1    Also pending before the court are defendants' August 9, 2006 and November 22,
2 2006 motions to dismiss plaintiff's complaint.  In light of the recommendation that plaintiff's
3 complaint be dismissed for failure to state a claim, the court finds that the motions to dismiss are
4 moot.
5    Based on the foregoing, IT IS RECOMMENDED that:
6    1.  Plaintiff's amended complaint be dismissed for failure to state a claim upon
7 which relief can be granted.
8    2.  Defendants' motions to dismiss (docs. 9 and 19) are rendered moot by the
9 dismissal of the complaint in this action .
10    These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
12 after being served with these findings and recommendations, either party may file written
13 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
14 Findings and Recommendations."  The parties are advised that failure to file objections within the
15 specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
16 F.2d 1153 (9th Cir. 1991).

18 DATED:  November 30, 2006.

20    **CRAIG M. KELLISON**
21    UNITED STATES MAGISTRATE JUDGE