1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KIMBERLY R. OLSON,

11          Plaintiff,                      No. CIV S-06-1126 DFL CMK

12          vs.

13   DARREL LEMOS, et al.,

14          Defendants.               FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is proceeding in forma pauperis and without counsel with this civil rights

17   action, alleging various federal and state law violations stemming from a September 22, 2003

18   arrest.  By order filed October 30, 2006, the court ordered plaintiff to file an amended complaint

19   which alleged that any criminal charge, conviction or sentence stemming from the September 22,

20   2003 arrest has been dropped or otherwise resolved in her favor.

21          On December 1, 2006, the court issued findings and recommendations finding that

22   plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and

23   recommending that plaintiff's complaint be dismissed.  Accordingly, pursuant to 28 U.S.C. §

24   1915(e)(2), the court now re-screens plaintiff's first amended complaint filed November 14, 2006.

25   ///

26   ///

1   Section 1915(e)(2), the court is directed to dismiss the case at any time if the

2   action is frivolous or malicious, or fails to state a claim on which relief may be granted.

3   Heck v. Humphrey, 512 U.S. 477(1984) precludes § 1983 civil rights claims which

4   are based on actions which would "render a conviction or sentence invalid" where that conviction

5   has not been reversed, expunged or called into question by issuance of a writ of habeas corpus."

6   See id. at 486-87.  Heck, in other words, says that if a criminal conviction arising out of the same

7   facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983

8   damages are sought, the 1983 action must be dismissed.

9   In her § 1983 action, plaintiff alleges that defendants violated her Fourth

10  Amendment rights by arresting her without probable cause for possession and sale of marijuana

11  (Claim I, count I); violated her Fourteenth Amendment rights by arresting her without probable

12  cause and by denying her equal protection of the law relating to medical marijuana users (Claim I,

13  Count II) and; violated her Fourth and Fourteenth Amendment rights by using excessive force

14  when arresting her (Claim I, Count III).  Plaintiff also alleges several pendant state law

15  claims–willful negligence (Claim II, Count I); false arrest (Claim II, Count II); false

16  imprisonment (Claim II, Count III); slander, libel, and defamation (Claim II, Count IV); negligent

17  and willful infliction of emotional distress (Claim II, Count V) and; assault and battery (Claim II,

18  count VI).

19  Plaintiff states in her first amended complaint that "prior to, and during the

20  pendency of the criminal action against Plaintiff,..." defendants continued to violate her civil

21  rights.  (Am. Compl., at 7:17-22.)  However, plaintiff does not allege anywhere in her amended

22  complaint that any pending criminal charges, conviction or sentence stemming from the

23  September 22, 2003 arrest have been dismissed, reversed, expunged, declared invalid or called

24  into question by a federal court's issuance of a writ of habeas corpus, despite the court's direct

25  order to do so.

26  On November 22, 2006, the defendants filed a motion requesting that the court

1    take judicial notice of the fact that Siskiyou County Superior Court records reveal that plaintiff's

2    conviction stemming from the September2003 incident has not been reversed, dismissed, or

3    otherwise called into question. (Doc. 21; <u>People v. Olson</u>, 2006 Cal. App. Unpub. Lexis 9723.)

4    Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of this fact.  A check of

5    the Siskiyou County Superior Court records reveals that plaintiff's conviction stemming from the

6    September 2003 incident is currently on appeal and has not been overturned.

7    <u>See</u> www.siskiyou.courts.ca.gov.

8         The claims in plaintiff's first amended complaint which would render her

9    conviction stemming from the September 2003 incident invalid must be dismissed.  <u>See</u> <u>Heck</u>,

10    512 U.S. at 486-87.  There is no question that plaintiff's claims that defendants violated her

11    Fourth Amendment rights by arresting her without probable cause for possession and sale of

12    marijuana (Claim I, count I) and violated her Fourteenth Amendment rights by arresting her

13    without probable cause and by denying her equal protection of the law relating to medical

14    marijuana users (Claim I, Count II) are barred by <u>Heck</u>.   Plaintiff's pendant state law claims of

15    false arrest (Claim II, Count II); false imprisonment (Claim II, Count III) and; slander, libel, and

16    defamation (Claim II, Count IV) are <u>Heck</u> barred as well.  If plaintiff wishes to challenge her

17    arrest, prosecution or conviction she must file a writ of habeas corpus.

18         However, to the extent that plaintiff asserts that defendants used force far greater

19    than required for her arrest, her claims are not barred by <u>Heck</u>.  In <u>Heck</u>, the Court expressly held

20    that where plaintiff's action "even if successful, will <u>not </u>demonstrate the invalidity of any

21    outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in

22    the absence of some other bar to the suit." <u>Id.</u> at 485-86 (emphasis in original, footnotes omitted).

23    Because success in her excessive force claims would not necessarily imply the invalidity of her

24    arrest or conviction, <u>Heck</u> does not preclude plaintiff's excessive force claims.  <u>See</u> <u>Wells v.</u>

25    <u>Bonner</u>, 45 F.3d 90, 95 (5th Cir.1995) (assuming without deciding that finding of excessive force

26    during plaintiff's arrest would not imply the invalidity of plaintiff's conviction); see also <u>Heck</u>,

512 U.S. at 487 n. 7 (successful section 1983 action for unreasonable search would not necessarily imply that plaintiff's conviction was unlawful); Graham v. Connor, 490 U.S. 386, 394 (1989) (excessive force claim in context of arrest properly characterized as Fourth Amendment claim alleging unreasonable seizure of the person).   To the extent that plaintiff alleges that defendants used excessive force during her September 2003 arrest, her civil rights action may proceed despite the fact that her conviction has not been reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus by a federal court.

Therefore, the court finds that plaintiff states a cognizable claim with regard to her claim that defendants violated her Fourth and Fourteenth Amendment rights by using excessive force when arresting her (Claim I, Count III) and with regard to her state law assault and battery claim (Count II, Count VI).  The court finds that, construing the complaint in a light most favorable to plaintiff, she states a cognizable claim with regard to her state law willful negligence claim (Claim II, Count I) and her state law negligent and willful infliction of emotional distress claim (Claim II, Count V) to the extent that these claims involve defendants' use of excessive force.

Based on the foregoing, IT IS RECOMMENDED that:

1.   The plaintiff's following claims be dismissed: (1) her claim that defendants violated her Fourth Amendment rights (Claim I, count I); her claim that defendants violated her Fourteenth Amendment rights (Claim I, Count II); her state law claim of false arrest (Claim II, Count II); her state law claim of false imprisonment (Claim II, Count III) and; her state law claim for slander, libel, and defamation (Claim II, Count IV).

2.   Following judgment of the District Judge, the court will make appropriate arrangements for defendants to file a response to the amended complaint.  Until such time, defendants are advised that they shall not file a responsive pleading.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

4

1  after being served with these findings and recommendations, either party may file written

2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

3  Findings and Recommendations."  The parties are advised that failure to file objections within the

4  specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951

5  F.2d 1153 (9th Cir. 1991).

6

7  DATED:  April 18, 2007.

8

9

10  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26