IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY R. OLSON,

    Plaintiff,                    No. CIV S-06-1126 DFL CMK

    vs.

DARREL LEMOS, et al.,           ORDER & AMENDED

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding in forma pauperis and without counsel with this civil rights action, which alleges various federal and state law violations stemming from an September 22, 2003 arrest. The court filed findings and recommendations dismissing several of plaintiff's claims on April 19, 2007. In light of the defendants' objections filed on April 19, 2007 (doc. 31), the court vacates the April 19, 2007 findings and recommendations and issues these amended findings and recommendations.

        Pursuant to section 1915(e)(2), the court is directed to dismiss the case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted.

        <u>Heck v. Humphrey</u>, 512 U.S. 477(1984) precludes § 1983 civil rights claims which are based on actions which would "render a conviction or sentence invalid" where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus."


See id. at 486-87.  Heck, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.

In her § 1983 action, plaintiff alleges that defendants violated her Fourth Amendment rights by arresting her without probable cause for possession and sale of marijuana (Claim I, Count I); violated her Fourteenth Amendment rights by arresting her without probable cause and by denying her equal protection of the law relating to medical marijuana users (Claim I, Count II) and; violated her Fourth and Fourteenth Amendment rights by using excessive force when arresting her (Claim I, Count III).  Plaintiff also alleges several pendant state law claims–willful negligence (Claim II, Count I); false arrest (Claim II, Count II); false imprisonment (Claim II, Count III); slander, libel, and defamation (Claim II, Count IV); negligent and willful infliction of emotional distress (Claim II, Count V) and; assault and battery (Claim II, count VI).

Plaintiff states in her first amended complaint that "prior to, and during the pendency of the criminal action against Plaintiff,..." defendants continued to violate her civil rights.  (Am. Compl., at 7:17-22.)  However, plaintiff does not allege anywhere in her amended complaint that any pending criminal charges, conviction or sentence stemming from the September 22, 2003 arrest have been dismissed, reversed, expunged, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, despite the court's direct order to do so.

On November 22, 2006, the defendants filed a motion requesting that the court take judicial notice of the fact that Siskiyou County Superior Court records reveal that plaintiff's conviction stemming from the September2003 incident has not been reversed, dismissed, or otherwise called into question. (Doc. 21; People v. Olson, 2006 Cal. App. Unpub. Lexis 9723.) Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of this fact.  A check of the Siskiyou County Superior Court records reveals that plaintiff's conviction stemming from the

September 2003 incident is currently on appeal and has not been overturned. See www.siskiyou.courts.ca.gov.

The claims in plaintiff's first amended complaint which would render her conviction stemming from the September 2003 incident invalid must be dismissed. See Heck, 512 U.S. at 486-87. There is no question that plaintiff's claims that defendants violated her Fourth Amendment rights by arresting her without probable cause for possession and sale of marijuana (Claim I, count I) and violated her Fourteenth Amendment rights by arresting her without probable cause and by denying her equal protection of the law relating to medical marijuana users (Claim I, Count II) are barred by Heck. Plaintiff's pendant state law claims of false arrest (Claim II, Count II); false imprisonment (Claim II, Count III) and; slander, libel, and defamation (Claim II, Count IV) are Heck barred as well. If plaintiff wishes to challenge her arrest, prosecution or conviction she must file a writ of habeas corpus.

However, to the extent that plaintiff asserts that defendants used force far greater than required for her arrest, her claims are not barred by Heck. In Heck, the Court expressly held that where plaintiff's action "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 485-86 (emphasis in original, footnotes omitted). Because success in her excessive force claims would not necessarily imply the invalidity of her arrest or conviction, Heck does not preclude plaintiff's excessive force claims. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir.1995) (assuming without deciding that finding of excessive force during plaintiff's arrest would not imply the invalidity of plaintiff's conviction); see also Heck, 512 U.S. at 487 n. 7 (successful section 1983 action for unreasonable search would not necessarily imply that plaintiff's conviction was unlawful); Graham v. Connor, 490 U.S. 386, 394 (1989) (excessive force claim in context of arrest properly characterized as Fourth Amendment claim alleging unreasonable seizure of the person). To the extent that plaintiff alleges that defendants used excessive force during her September 2003 arrest, her civil rights action may

proceed despite the fact that her conviction has not been reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus by a federal court.

Therefore, the court finds that plaintiff states a cognizable claim with regard to her claim that defendants violated her Fourth and Fourteenth Amendment rights by using excessive force when arresting her (Claim I, Count III) and with regard to her state law assault and battery claim (Count II, Count VI). The court finds that, construing the complaint in a light most favorable to plaintiff, she states a cognizable claim with regard to her state law willful negligence claim (Claim II, Count I) and her state law negligent and willful infliction of emotional distress claim (Claim II, Count V) to the extent that these claims involve defendants use of excessive force.

However, as pointed out in defendants' objections to the April 19, 2007 findings and recommendations, the court's consideration of plaintiff's state law claims does not end here. The court must also consider whether plaintiff properly pled that she followed California's procedures for pursuing tort claims against state employees. Before bringing suit for damages against a public entity in California, a plaintiff must present the claim to the appropriate public entity, which must have resolved it. See Cal. Gov. Code §§ 911.2, 915, 945.4, 950.2. The claims must be presented within six months of the occurrence. See Cal. Gov. Code § 911.2. Failure to comply with these requirements bars pendent state law claims in civil rights actions. See Karim-Panihi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988).

In her amended complaint, plaintiff alleges that she presented her claims to the County of Siskiyou's Board of Supervisors and that they failed to serve notice of rejection of her claim. She attached the presented claim to her amended complaint as Exhibit A. A review of Exhibit A reveals that plaintiff filed her claim on December 2, 2005, over two years after the events of September 22, 2003. Further, plaintiff alleges neither that the Board of Supervisors acted on or rejected the claim nor that she pursued permission to file an untimely claim pursuant to California Government Code. § 911.4. Failure to allege these things is fatal to claim that she

4

complied with California's procedures for pursuing tort claims against state employees.  See See Karim-Panihi, 839 F.2d at 627  Therefore, the court finds that plaintiff's state law claims of assault and battery (Count II, Count VI), willful negligence (Claim II, Count I), and negligent and willful infliction of emotional distress (Claim II, Count V) must be dismissed for failure to comply with California's procedure for pursuing tort claims against state employees.

Based on the foregoing, IT IS ORDERED that the findings and recommendations filed April 19, 2007 (doc. 30) are vacated.

Based on the foregoing, IT IS RECOMMENDED that:

1. The following claims be dismissed: violation of Fourth Amendment rights (Claim I, count I); violation of Fourteenth Amendment rights (Claim I, Count II); state law false arrest claim (Claim II, Count II); state law false imprisonment claim (Claim II, Count III); state law slander, libel, and defamation claims (Claim II, Count IV);state law assault and battery claim (Count II, Count VI); state law willful negligence claim (Claim II, Count I); and state law negligent and willful infliction of emotional distress claim (Claim II, Count V).

2. That this action proceed only on the plaintiff's claim that defendants violated her Fourth and Fourteenth Amendment rights by using excessive force when arresting her (Claim I, Count III).

3. Following judgment of the District Judge, the court will make appropriate arrangements for defendants to file a response to the amended complaint.  Until such time, defendants are advised that they shall not file a responsive pleading.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

///

///

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2007.

                                       **CRAIG M. KELLISON**
                                       UNITED STATES MAGISTRATE JUDGE