IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DARRELL LEMOS, MARK MERRIL, RICK RIGGINS, SISKIYOU COUNTY SHERIFF'S DEPARTMENT, AND SISKIYOU COUNTY,<br><br>　　　　Defendants. | Case No. 2:06-cv-1126-RRB-CMK<br><br>**ORDER ADOPTING RECOMMENDATIONS** |

**1.　INTRODUCTION**

　　　　Pro se Plaintiff Kimberly R. Olson ("Plaintiff") filed the above-entitled § 1983 action and pendant state law tort claims against Defendants Darrel Lemos, Mark Merril, Rick Riggins, Siskiyou County Sheriff's Department and Siskiyou County ("Defendants") relating to her September 22, 2003, marijuana-related arrest, prosecution, and subsequent conviction for cultivation of marijuana.

　　　　The matter was referred to a United States Magistrate Judge pursuant to Local Rule 72-302(c)(21).  On April 20, 2007,

Magistrate Judge Craig M. Kellison entered an Order and Amended Findings and Recommendations herein at Docket 33 which recommended dismissal of all of Plaintiff's claims except her claim for excessive force, were served on all parties, and which contained notice that any objections thereto were to be filed within ten days.[1]

Plaintiff timely filed objections to the Magistrate Judge's recommendation.[2]  Defendants also filed a response which identified the Supreme Court's recent and relevant decision in Wallace v. Kato, 127 S. Ct. 1091 (2007), which the parties had hitherto overlooked.[3]  In light of Wallace, Defendants suggest that a stay, rather than dismissal, is the appropriate action regarding Plaintiff's claims which the Magistrate Judge determined to be barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).[4]

Inasmuch as the Court concludes the issues before it are based in law, i.e., legal disputes, and in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the Court has conducted a de novo review of the relevant pleadings

---

[1]     Docket 33.

[2]     Docket 35.

[3]     See Docket 37.

[4]     Docket 33 at 3.

filed in this matter.  For the reasons set forth below, the Court adopts the Magistrate Judge's recommendation with the modification that Plaintiff's Heck-barred claims are stayed, rather than dismissed.

II.  **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made.[5]  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[6]

De novo review means that the court must consider the matter anew, as if no decision previously had been rendered.[7] Although a de novo hearing is not necessary, the district court must arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendations to which a party objects.[8]

---

[5]  United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.") (emphasis in original); 28 U.S.C. § 636(b)(1).

[6]  28 U.S.C. § 636(b)(1).

[7]  United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988).

[8]  United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

**III. DISCUSSION**

    **A.    Plaintiff's Heck-Barred Claims Are Stayed**

Plaintiff objects to the Magistrate Judge's recommendation of dismissal, based on Heck, of Plaintiff's claims for arrest without probable cause in violation of the Fourth Amendment (Claim I, Count I), arrest without probable cause and denial of equal protection of the law relating to medical marijuana users in violation of the Fourteenth Amendment (Claim I, Count II), and state law claims for false arrest (Claim II, Count II), false imprisonment (Claim II, Count III), and slander, libel, and defamation (Claim II, Count IV).[9]

The Supreme Court in Heck held that "in order to recover damages for unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a plaintiff who asserts a claim for violation of civil rights under 42 U.S.C. § 1983 "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[10] Conversely, "[a] claim for damages bearing that relationship to a

---

    [9]    See Docket 33 at 3.

    [10]    512 U.S. at 486-87 (citing 28 U.S.C. § 2254).

conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983."[11]

Plaintiff's claims for arrest without probable cause and denial of equal protection of the law relating to medical marijuana users touch upon matters central to Plaintiff's conviction for marijuana cultivation. Plaintiff was convicted under California Health and Safety Code § 11358 which provides: "Every person who plants, cultivates, harvests, dries, or processes any marijuana or any part thereof, except as otherwise provided by law, shall be punished by imprisonment in the state prison."[12] Although at trial Plaintiff raised the defense that her use of marijuana was medically necessary, this defense did not forestall her conviction. Hence, her cultivation of marijuana was <u>not</u> "as otherwise provided by law." Therefore, Plaintiff's claims "necessarily imply the invalidity of [her] conviction"[13] and "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[14] Although Plaintiff has appealed her

---

[11]   <u>Id.</u> at 487 (emphasis in original); <u>see also</u> <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1097-98 ("the <u>Heck</u> rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has <u>not</u> been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'") (emphasis in original).

[12]   Cal. Health & Safety Code § 11358.

[13]   512 U.S. at 487.

[14]   <u>Id.</u>

conviction, she has yet to show that her conviction has been reversed on appeal.

The Court, however, declines to dismiss these claims prior to resolution of Plaintiff's appeal. The Supreme Court in Heck court noted that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."[15] Similarly, in Wallace v. Kato, the Supreme Court explained that "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[16]

Defendants agree that a stay, rather than dismissal, is the appropriate action as to these claims.[17] The Court therefore modifies the Magistrate Judge's recommendation of dismissal and hereby stays Plaintiff's Heck-barred claims until the appeal of Plaintiff's cultivation conviction is resolved.[18]

---

[15]   512 U.S. at 487 n.8.

[16]   127 S. Ct. 1091, 1098 (2007) (citing Heck, 512 U.S. at 487-88 n.8).

[17]   See Docket 37.

[18]   The Magistrate Judge took judicial notice, which this Court accepts, of the fact that Siskiyou County Superior Court records reveal that Plaintiff's conviction is currently on appeal and has not been overturned. Docket 33 at 3.

B.  **Plaintiff's Excessive Force Claim May Proceed**

The Magistrate Judge noted, however, that "[t]o the extent that plaintiff asserts that defendants used force far greater than required for her arrest, her claims are not barred by Heck"[19] and recommended that Plaintiff's claim that Defendants used excessive force in violation of her Fourth and Fourteenth Amendment rights (Claim I, Count III) be allowed to proceed.[20]  Noting no objections which would require a de novo review, the Court hereby adopts the Magistrate Judge's recommendation.

C.  **Remaining Pendant State Law Tort Claims Are Dismissed**

Plaintiff objects to the Magistrate Judge's recommendation of dismissal of her state law claims for willful negligence (Claim II, Count I), negligent and/or willful infliction of emotional distress (Claim II, Count V), and assault and battery (Claim II, Count VI).  As explained below, the Court finds that Plaintiff objections lack merit and that the Magistrate Judge's recommendation of dismissal is supported by the record and proper analysis.

The Magistrate Judge opined that these claims are cognizable, but recommended dismissal based on the conclusion that

---

[19]  Id. (citing Heck, 512 U.S. at 485-86 (where "plaintiff's action, even if successful, will not demonstrate the invalidity if any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.") (emphasis in original, footnotes omitted)).

[20]  Id. at 5.

Plaintiff failed to comply with California's procedures for pursuing tort claims against state employees.[21] Specifically, the Magistrate Judge reasoned that Plaintiff filed her claim over two years after the events of September 22, 2003, has not alleged that the Board of Supervisors acted on or rejected the claim, and has not sought permission to file an untimely claim.[22]

Claims against a public entity in California must comply with California Government Code ("Code") Section 900 et seq. A claim relating to a cause of action for death or for injury to person must be filed with the appropriate governmental entity within six months after the accrual of the cause of action.[23] Failure to comply, and to allege compliance, with California's tort claim procedures is a ground for dismissal.[24] Although Plaintiff's arrest occurred on September 22, 2003, she did not file her claim with the Siskiyou County Board of Supervisors

---

[21]   Id. at 3-4.

[22]   Id. at 3.

[23]   Cal. Gov. Code § 911.2.

[24]   Karim-Panihi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988) (upholding dismissal of state law tort claims under Fed. R. Civ. P. 12(b) because "[t]he amended complaint fail[ed] to allege compliance with California tort claim procedures.").

("Board") until December 2, 2005, well outside the six months set forth in Section 911.2 of the Code.[25]

Plaintiff argues that her claim to the Board was nevertheless timely because the statute of limitations was tolled by California Government Code Section 945.3 until her acquittal of the charges for possession and selling marijuana and resisting arrest.[26] Plaintiff misreads Section 945.3. Although Plaintiff was indeed barred from filing a civil action while charges against her were pending in superior court, Section 945.3 provides: "Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2."[27] Section 945.3 did not toll the six-month period within which Plaintiff was required to present her claim to the Board.

Plaintiff also alleges that she submitted her claims within six months of "the cessation of the commission of the series and pattern of torts against by her by Defendants" which occurred between September 22, 2003, and September 22, 2005.[28]

---

[25]   See Docket 18, Ex. A.

[26]   Docket 18 at 2.

[27]   Cal. Gov. Code § 945.3. See also McMartin v. County of Los Angeles, 202 Cal. App.3d 848 (1988) (upholding constitutionality of cited provision that time for filing claim with public entity is not extended by pending criminal charges).

[28]   Docket 18 at 2 & Ex. A.

The facts alleged in support of Plaintiff's claims for willful negligence, negligent and/or willful infliction of emotional distress, and assault and battery, all occurred in connection with Defendant Lemos' arrest of Plaintiff on September 22, 2003. The facts include Lemos' failure to determine and investigate Plaintiff's medical need for marijuana, use of excessive force, warrantless search, false arrest, and filing charges against Plaintiff, all of which Plaintiff alleges stem from the failure of Defendants Merrill and Riggins failure to train and supervise Lemos.[29] The statute of limitations, therefore, began to run on these claims at the time of Plaintiff's arrest on September 22, 2003.

Plaintiff also alleges facts which occurred between September 22, 2003, and September 22, 2005, including conspiracy between Defendant Lemos, the District Attorneys' office, and the Sheriff's Department to commit perjury, falsify evidence, and obstruct justice in order to deny Plaintiff due process and equal protection under the law.[30] These facts, however, constitute a category of allegations separate and distinct from the events of September 22, 2003.[31] These facts relate more to Plaintiff's Fourth

---

[29]   Docket 18 at 5-9.

[30]   Id. at 7-8.

[31]   See Green v. Los Angeles County Superintendent of Schs., 883 F.2d 1472, 1480 (9th Cir. 1989); Brew v. City of Emerville, 138

and Fourteenth Amendment claims for denial of due process and equal protection under the law and do not delay the accrual of, or toll the statute of limitations for, Plaintiff's state law law claims.

The Court, therefore, finds that Plaintiff's state law claims for willful negligence, negligent and/or will infliction of emotional distress, and assault and battery accrued on September 22, 2003, more than six months before she submitted her claim to the Board on December 2, 2005.  Although California has a mechanism in place for extending the time allowed to present a claim to a public entity,[32] Plaintiff did not avail herself of this option.

Because Plaintiff's claims were not timely submitted to the Board, whether or not the Board provided written notice of its rejection of Plaintiff's claims is irrelevant.  In general, where a claim has been timely submitted, the public entity is required to provide written notice of its rejection after which the claimant would be required to bring suit with six months.[33]  If the public entity does not give written notice, a plaintiff has two years from

---

F. Supp.2d 1217, 1221-22 (D. N.D. Cal. 2001).  The Court notes that the parties differ in their application of Green, supra, to the present matter.  The Court, however, finds that Defendants' argument, Docket 19 at 14-17, reflects the more accurate reading.

[32]   Cal. Gov. Code § 911.4

[33]   Cal. Gov. Code §§ 913, 945.6(a)(1).

the accrual of the cause of action to bring suit.[34] Even if Plaintiff's claim to the Board had been timely, the filing of Plaintiff's initial complaint on May 24, 2006, would still fall outside this extended two-year period since the accrual of her claims on September 22, 2003.

The Court finds that Plaintiff's state law claims for willful negligence, negligent and/or willful infliction of emotional distress, and assault and battery must be dismissed.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Amended Findings and Recommendations (Docket 33) filed on April 20, 2007, are adopted as modified herein;

2. Plaintiff's causes of action for violation of Fourth Amendments rights (Claim I, Count I), violation of Fourteenth Amendment rights (Claim I, Count II), state law false arrest (Claim II, Count II); state law false imprisonment (Claim II, Count III), and state law slander, libel, and defamation (Claim II, Count IV) are stayed pending resolution of the appeal of Plaintiff's conviction for cultivation of marijuana;

3. Plaintiff's cause of action for excessive force in violation the Fourth and Fourteenth Amendments (Claim I, Count III) shall be allowed to proceed;

---

[34] Cal. Gov. Code § 945.6(a)(2).

    4. Plaintiff's causes of action for state law willful negligence (Claim II, Count I), state law negligence and/or willful infliction of emotional distress (Claim II, Count V), and state law assault and battery (Claim II, Count VI) are hereby dismissed.

    ENTERED this 19th day of March, 2008.

            S/RALPH R. BEISTLINE
            UNITED STATES DISTRICT JUDGE