**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KIMBERLY R. OLSON,

Plaintiff,

vs.

DARREL LEMOS, et al.,

Defendants.

_______________________________/

No. 2:06-cv-1126-TLN-CMK

FINDINGS AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, brings this civil rights action which alleges various federal and state law violations stemming from a September 22, 2003, arrest. Pending before the court is defendants' motion to dismiss (Doc. 64). A hearing on the motion to dismiss was held on February 8, 2012, before the undersigned in Redding, California. Attorney Philip B. Price appeared on behalf of the defendants. A review of the docket in this action reveals no order has issued resolving this motion.

**I. BACKGROUND**

Plaintiff originally filed this action in May 2006. Following the resolution of a prior motion to dismiss, this case was stayed during the pendency of plaintiff's state petition for writ of habeas corpus. Following the resolution of that petition, the stay in this action was lifted,

and the defendants filed a new motion to dismiss.

This case now proceeds on plaintiff's amended complaint (Doc. 18) on the following claims:

1. Claim I, Count I: Fourth Amendment violations for arrest, search & seizure, without probable cause;
2. Claim I, Count II: Fourteenth Amendment violations for arrest, seizure without probable cause, equal protection relating to medical marijuana users;
3. Claim I, Count III: Fourth & Fourteenth Amendment violations for use of excessive force
4. Claim II, Count II: state law false arrest;
5. Claim II, Count III: state law false imprisonment;
6. Claim II, Count IV: state law slander, libel, defamation.

Plaintiff's claims for assault and battery (Claim II, Count VI), willful negligence (Claim II, Count I), and negligent and willful infliction of emotional distress (Claim II, Count V), were previously dismissed for failure to comply with California's procedure for pursuing tort claims against state employees. Pursuant to the allegations in the amended complaint, this action continues against the arresting officer, Lemos; his supervisors Mark Merril & Rick Riggins; and the County of Siskiyou & the Sheriff Department.

**II. MOTION TO DISMISS**

Defendants brings this motion to dismiss the complaint on the grounds that, with one exception, it is untimely and barred by the statute of limitations. In addition, defendants argue plaintiff failed to comply with the State tort claim presentation requirement, which bars her state law claims, and she also fails to plead sufficient facts to state a claim.

Plaintiff opposes the motion to dismiss on the grounds that her complaint is not barred by the statute of limitations, she has pled sufficient compliance with the tort liability act, and she has pled sufficient facts to state a claim. Specifically, plaintiff alleges that her claims arose following her acquittal of the underlying charges, not before.

In reply, defendants maintain the statute of limitations bars most of plaintiff's claims, and that plaintiff misinterprets case law as to when the statute of limitations began. In

addition, defendants maintain that plaintiff failed to comply with the tort claim act for the remaining state law claims.

**III. DISCUSSION**

A. Motion to Dismiss Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

B. Statute of Limitations

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). In California, there is a two-year statute of limitations in § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury

actions."). State tolling statutes also apply to § 1983 actions. See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)). Relevant to this action, California Government Code § 945.3 applies at least to some of plaintiff's claims. Section 945.3 provides:

> No person charged . . . [with] a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accursed, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov't Code § 945.3

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)). "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996)).

Here, defendants argue that all of plaintiff's federal claims are barred by the statute of limitations, with the exception of her claim for false arrest against defendant Lemos. Defendants argue her claims relating to her arrest including the arrest, search and force used all accrued at the time of the arrest, September 22, 2003. Her claims for false imprisonment accrued by the time she was bound over by the state court, or November 26, 2003. She therefore had two years, or until 2005, to file her complaint. This action was not filed until 2006, and thus is barred by the statute of limitations.

Defendants also argue that the application of Cal. Gov't Code § 945.3 does not help plaintiff, with the exception of the false arrest charge against defendant Lemos. They argue that § 945.3 only applies to toll the statute of limitations as to the claims arising from the conduct

of the arresting officer related to the arrest/investigation/detaining of the accused. They argue it does not apply to the claims for excessive force against Lemos, or to the claims relating to policy and failure to train against the supervisors and county defendants.

Plaintiff counters that her claims did not arise until after all proceedings against her had been resolved. In addition, she argues that § 945.3 does apply to all claims because the section specifically states not only claims against the peace officer, but also against the employer are tolled.

The first issue here is whether the statute of limitations began to run on the date of plaintiff's arrest, or whether the statute began once her conviction was vacated. A second issue is whether § 945.3 tolls the statue of limitations for any of plaintiff's claims. First, the Supreme Court has determined that "it is 'the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" Wallace v. Kato, 549 U.S. 384, 388 (2007) (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (internal quotations omitted). As the Supreme Court determined in Wallace, false imprisonment ends once the individual is bound over by the court or arraigned on charges. "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." Id. at 390 (emphasis in original). Thus, the Court specifically held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397. Thus, as applied here, plaintiff's claims relating to her unlawful arrest began to run once the legal process began. As defendants state, she was bound over on November 26, 2003. Thus, absent any applicable tolling, the statue of limitations on her unlawful arrest claims expired on November 27, 2005.

/ / /

Similarly, plaintiff's claims for unlawful search and seizure, as well as her claim for excessive force, accrued on the date of the occurrence, September 22, 2003.

The second issue is whether § 945.3 tolls the statute of limitations. Defendants concede that § 945.3 tolls the statute of limitations as to defendant Lemos on plaintiff's unlawful arrest claim. Plaintiff argues that § 945.3 applies to all of her claims. As set forth above, § 945.3 provides for the tolling of the statute of limitations for the time during which charges are pending against an accused for claims an officer or the public entity employing the officer for conduct relating to the offense for which the accused is charged. The key language, as argued by the defendants, is that the statute of limitations is tolled as to those claims arising from the officer's conduct relating to the offense for which the accused is charged.

Here, the conduct relating to the charges against plaintiff are those surrounding her arrest, which are only alleged against defendant Lemos. The claims against defendant Lemos which are affected by § 945.3 are only those based on his behavior related to the criminal charges filed against plaintiff. The court already made the determination that plaintiff's claim for excessive force was not related to her arrest or conviction, and thus not barred by Heck. Similarly, the claim for excessive force was not related to the criminal charges against plaintiff, and thus is not tolled by § 945.3. However, those claims which were determined to be barred by Heck, are necessarily related to the criminal charges. Those claims, which the court determined were Heck barred are plaintiff's Fourth and Fourteenth Amendment claims for unlawful arrest and unlawful search and seizure. Those claims are therefore not barred by the statute of limitations. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (holding that those claims barred by Heck did not accrue until the underlying conviction had been invalidated).

The claims against the supervisory defendants, Merril and Riggins, and the County defendants are for failure to properly train and supervise as well as challenging the policies and procedures. None of those claims are related to the conduct of the arresting officer

during the investigation and arrest. In addition, in a § 1983 action, supervisors cannot be held liable for the actions of others under a respondeat superior theory, but can only be held liable for their own actions. Thus, to the extent plaintiff argues the section applies to the public entity as well for the actions of the officer, in a § 1983 that cannot be the basis of a claim. As the claims against the public entity relate to the policies and procedures, the claims do not arise from the conduct of the officer related to the charges filed against plaintiff. Therefore, defendants are correct that § 945.3 tolls the statute of limitations for the claims alleged against defendant Lemos, but not those against defendants Merril, Riggins, Siskiyou County or Siskiyou County Sheriff's Department.

Accordingly, plaintiff's claims against defendant Lemos for use of excessive force are barred by the statute of limitations, but her claims against defendant Lemos for unlawful arrest and unlawful search and seizure, as previously determined to be barred by Heck are not now barred by the statute of limitations. In addition, the claims against defendants Merril, Riggins, Siskiyou County and Siskiyou County Sheriff's Department are barred by the statute of limitations.

C. State Tort Claims

Plaintiff also claims violation of state law, including false arrest, false imprisonment, slander, libel, and defamation. Defendants argue at least some of these should also be dismissed as barred by the statute of limitations. However, they also argue that plaintiff failed to comply with the State Tort Claim Act, which is a separate bar to these state law claims. The court has previously determined that before bringing suit for damages against a public entity in California, a plaintiff must present the claim to the appropriate public entity, which must have resolved it. See Cal. Gov't Code §§ 911.2, 915, 945.4, 950.2. The claims must be presented within six months of the date the cause of action accrues. See Cal. Gov't Code § 911.2. Failure to comply with these requirements bars pendent state law claims in civil rights actions. See Karim-Panihi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). The court further

determined that plaintiff failed to comply with the state requirements in relation to her state law claims for assault and battery, willful negligence, and negligent and willful infliction of emotional distress. However, as the other state law claims were found to be Heck barred, the court did not include them in that determination.

As the remaining state law claims are no longer barred by Heck, the court must determine whether plaintiff properly complied with the state law requirement. In our prior Findings and Recommendation, the undersigned stated:

> In her amended complaint, plaintiff alleges that she presented her claims to the County of Siskiyou's Board of Supervisors and that they failed to serve notice of rejection of her claim. She attached the presented claim to her amended complaint as Exhibit A. A review of Exhibit A reveals that plaintiff filed her claim on December 2, 2005, over two years after the events of September 22, 2003. Further, plaintiff alleges neither that the Board of Supervisors acted on or rejected the claim nor that she pursued permission to file an untimely claim pursuant to California Government Code § 911.4. Failure to allege these things is fatal to claim that she complied with California's procedures for pursuing tort claims against state employees. See Karim-Panihi, 839 F.2d at 627.

(Findings and Recommendation, Doc. 33).

Pursuant to state law, a claim for false arrest or imprisonment accrues when the plaintiff is released from the illegal restraint, not upon the termination of the criminal proceedings. See Collins v. Los Angeles County, 241 Cal. App. 2d 451, 457, 50 Cal. Rptr. 586 (1966). Plaintiff therefore had six-months from the time she was no longer illegally restrained to file her claim. A review of the Siskiyou County Court docket, which the court may take judicial notice of and is attached to the motion to dismiss, shows that plaintiff was released from custody (released on own recognize pending trial) on September 24, 2003. Thus, she had six months thereafter to file her claim. As discussed above, she did not do so until December 2, 2005. Her remaining state law claims are similarly untimely.

/ / /

/ / /

D. Failure to State a Claim

Defendants further argue that some of plaintiff's claims are insufficient as plead. The claims at issue are plaintiff's state law claims. However, as discussed above, plaintiff failed to timely file her state tort claim and those claims should be dismissed regardless of how well they were plead.

Finally, defendants argue that plaintiff's claims for conspiracy under 42 U.S.C. § 1985 must be dismissed as she fails to allege she is a member of any protected class. A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States ." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir.2001) (quotations and citation omitted). Restraint must be exercised in extended section 1985(3) beyond racial prejudice. Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir.2002) (citation omitted). A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir.2005) (citation omitted). A mere allegation of conspiracy is insufficient to state a claim. Id. at 676-77.

Here, plaintiff's apparent protected class is her status of a disabled person. However, what she pleads in her complaint is that "the Defendants' acts to baselessly prosecute Plaintiff, and their conspiracy to do so in furtherance of their goal to deny Plaintiff the equal protection of the law relating to medical marijuana users, and/or to retaliate against Plaintiff for her free exercise of her constitutional rights, was an obstruction of justice, and a malicious prosecution . . . ." (Am. Comp., Doc. 18, at 10). Plaintiff is hard pressed to make the argument

that her status as a disabled person satisfies the class-based, invidiously discriminatory animus, but certainly her status as a medical marijuana user is insufficient.

It does not appear that the Ninth Circuit has addressed the issue head on. Other courts have held that disabled individuals do not constitute a "class" within the meaning of section 1985(3). See, e.g., D'Amato v. Wis. Gas Co., 760 F.2d 1474, 1486-87 (7th Cir.1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped."); Wilhelm v. Cont'l Title Co., 720 F.2d 1173, 1176-77 (10th Cir.1983) ("[T]o hold that even if there could be here developed by further pleading a class of handicapped persons with sufficient conditions or factors in common derived from their *physical* condition to be ascertainable or identifiable, it could not come within the province of 42 U.S.C. § 1985(3)."); see also Story v. Green, 978 F.2d 60, 64 (2d Cir.1992) ("We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification."); Trautz v. Weisman, 819 F.Supp. 282, 292 (S.D.N.Y.1993) (recognizing that "[o]ther courts have explicitly held that disabled individuals do not constitute a 'class' within the meaning of § 1985(3)" and citing D'Amato, Wilhelm and Green for that proposition).

Additionally, plaintiff's claim lacks an allegation as to who conspired to violate her rights. The claim under which plaintiff states conspiracy is a claim against defendant Lemos only. There is no other defendant with whom it is alleged defendant Lemos conspired. In fact, it is recommended that all other defendants be dismissed. It does not therefore appear plaintiff can cure the defects in this claim.

**IV. CONCLUSION**

Based on the court's prior determinations, it appears that those claims which were barred by Heck, and thus stayed in this case, did not accrue until plaintiff's conviction was invalidated. Therefore, the statute of limitations did not run prior to the commencement of this action. However, her claim for excessive force was not barred by Heck, and the statute of limitations began at the time of the incident and expired prior to the filing of this action. That

claim should therefore be dismissed. Similarly, her claims for municipal and supervisory liability based on policy and procedure were not Heck barred, and the statute of limitations has run on those claims as well. As for plaintiff's remaining state law claims, it was previously determined that plaintiff failed to file her state tort claim within the time provided therein, and those claims should therefore be dismissed. Finally, to the extent plaintiff attempts to allege conspiracy in violation of 42 U.S.C. § 1985, such a claim fails and should be dismissed.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 64) be granted in part and denied in part;

2. All defendants except Lemos should be dismissed from this action; and

3. This action should continue against defendant Lemos only, on the claims of violation of plaintiff's Fourth and Fourteenth Amendment rights for unlawful arrest and search/seizure without probable cause..

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2015

Craig M. Kellison

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE